**John T. MAYO**

v.

**John B. VAUGHAN, Jr., et al.**

**Civ. A. No. 75–0453–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 18, 1975.

See also, D.C., 407 F.Supp. 1352.

---

Stephen A. Isaacs, Richmond, Va., for plaintiff.

R. W. Duling, Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM ORDER

WARRINER, District Judge.

Though naming certain individuals, some known and some unknown, as parties defendant, this complaint claims to be filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). *See also* 28 U.S.C. §§ 1402(b), 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680. Named as defendants are Sheriff John B. Vaughan, Jr. of Hanover County, Virginia, the United States of America, and unknown defendants being "persons who have in the past, or who are now, marshals at the marshals' office in Washington, D. C."

In brief, the complaint alleges that plaintiff was a federal prisoner entrusted to the custody of Sheriff Vaughan at the Hanover County Jail. While there, he slipped on the floor in the shower and hurt himself. He did not receive prompt and efficient medical service for his injuries. He claims the Sheriff is responsible for the slippery floor in the shower stall and that the marshals are responsible for his not receiving prompt and efficient medical service.

Although, as noted, the complaint specifies that plaintiff is proceeding under the Federal Tort Claims Act, defendant Vaughan has filed an answer on his own behalf. The U. S. government has not moved that it be substituted as the sole party defendant[1] but instead an Assistant U. S. Attorney has filed a motion for summary judgment without indicating on whose behalf the motion is filed. The motion is accompanied by a brief and certain exhibits but it contains no affidavit setting forth the truth of the factual matters alleged in the motion. The time within which plaintiff might have responded to the motion for summary judgment has expired and no such brief has been filed. Accordingly, the Court will determine the question on the present state of the pleadings.

The motion for summary judgment filed by the Assistant United States Attorney first alleges that the named defendant, Sheriff John B. Vaughan, Jr. is not a federal employee. Ordinarily the Court could not consider this fact as established without an affidavit in support of the allegation. A reading of the complaint leads the Court to the inescapable conclusion that Sheriff Vaughan is allegedly liable for plaintiff's injuries only in his capacity as sheriff, a constitutional officer of Hanover County, Virginia. Further, exhibits accompanying the motion filed by the Assistant U. S. Attorney show that Hanover County was housing the plaintiff in its jail under a contract with the U. S. Government. No ground for liability as against Sheriff Vaughan having been alleged in the complaint other than as above set forth, the Court will accept as an undisputed fact that Sheriff Vaughan was not a federal employee at the time of the injury complained of.

1. 28 U.S.C. § 2679(d).

*Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973) is authority for the view that no liability under the Federal Tort Claims Act attaches for negligence of employees of a contractor with the U. S. government such as Sheriff Vaughan. Section 2671 of the Act specifically excludes from the Federal Tort Claims Act "any contractor with the United States." *Logue, supra,* deals with a factual situation on all fours with the instant case and held that persons operating a jail under a contract with the United States government are not liable under the Act.

■ Accordingly, the Court holds that the United States is not liable to plaintiff for any acts or omissions allegedly attributable to Sheriff Vaughan as set forth in the complaint.

Plaintiff also alleges that certain unknown U. S. Marshals were negligent in failing to see to it that he got proper medical treatment for his alleged injuries. The Assistant U. S. Attorney's motion for summary judgment points out that plaintiff does not specifically allege in his complaint that he sought administrative relief for the damages suffered as a result of the neglect of these federal employees. In the absence of such a specific allegation, says the Assistant U. S. Attorney, he is entitled to summary judgment. No authority is given to support this position that the omission of the specific allegation entitles him to summary judgment.

It is clear from the Act that seeking administrative relief is a prerequisite to obtaining judicial relief. It is not clear from the Act, however, that a plaintiff must specifically allege administrative exhaustion in his complaint. West Federal Practice Manual, § 2014 states that one *should* allege administrative exhaustion but it gives no authority for this statement. Undoubtedly, it is the better practice.

■ Undoubtedly, it is also a better practice to accompany a motion for summary judgment with the necessary affidivits to resolve the issue, rather than to leave the Court in a quandary as to whether the alleged fact is established or not. The fact that plaintiff has failed to respond to the motion for summary judgment leads the Court strongly to suspect that he indeed has not exhausted administrative remedies. In order to resolve the question the Court now DIRECTS plaintiff to file his affidavit stating affirmatively that he has exhausted administrative remedies under the Act, accompanying said affidavit with the requisite exhibits. Such affidavit and exhibits shall be filed within ten days of the date hereof and upon plaintiff's failure so to do, upon application of the U. S. Government, summary judgment shall enter.

Let the Clerk send a copy of this memorandum order to counsel of record and to the U. S. Attorney for this District.